**SO ORDERED.**

**SIGNED this 24th day of July, 2007.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| TANYA EADIE | 07-51799-C |
| *DEBTOR* | CHAPTER 7 |

### ORDER DENYING APPLICATION FOR WAIVER OF CHAPTER 7 FILING FEE

CAME ON for consideration the foregoing matter. The debtor, who is *pro se*, filed with her petition this application for waiver of the chapter 7 filing fee, claiming qualification under section 1930(f). That section permits the court to waive the filing fee if, *inter alia*, the debtor "has income less than 150 percent of the income official poverty line." 28 U.S.C. § 1930(f)(1). The statute goes on to explain, in a parenthetical, that the poverty line in question is the one applicable to a family of the size involved, and as defined by the Office of Management and Budget, as revised in accordance with section 674(3) of the Omnibus Budget Reconciliation Act of 1981. *See id.*

Unfortunately, the statute sends courts on a judicial snipe hunt. Fortunately, the Judicial Conference of the United States helpfully stepped in with interim procedures, promulgated August

11, 2005, "to assist district courts and bankruptcy courts with implementing the fee waiver provisions ..." Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, *available at* http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html (promulgated Aug 11, 2005). Those procedures, at II.A.1., explain that judges are to apply the 150 percent calculation to "the poverty guidelines last published by the United States Department of Health and Human Services applicable to a family of the size involved." *Id.* In a footnote, the Conference notes that the procedures

> interpret [the] statutory language to refer to the poverty guidelines updated periodically in the Federal Register by [DHHS] under the authority of 42 U.S.C. § 9902(2). The phrase "*income official poverty line as defined by the Office of Management and Budget*" refers to the poverty thresholds set by the Census Bureau. OMB has never issued poverty thresholds or guidelines ... *Section 673(2) of the Omnibus Budget Reconciliation Act of 1981* (codified in 42 U.S.C. § 9902(2)) requires the Secretary of Health and Human Services to update the poverty guidelines annually. The thresholds are mentioned in that legislative section because they are the starting point from which the poverty guidelines are calculated. The Bureau of Census poverty thresholds are typically used for statistical purposes whereas the DHHS poverty guidelines are used administratively to determine program eligibility.

*Id.* at note 2. In short, the language in the statute potentially pointed in two different directions, and Judicial Conference picked one, opting for DHHS over the Census Bureau. Though reasonable minds could differ, the specific statutory reference to title 42 makes the case stronger for the choice made by the Judicial Conference. Those will be the guidelines that this court uses for *in forma pauperis* requests under section 1930(f)(1) of title 28.

The guidelines are published in the Federal Register, and can be accessed through the major legal search engines available. The most recent update was published in Volume 72, No. 15 of the Federal Register on January 24, 2007. *See* 72 Fed. Reg. 3147 (Jan. 24, 2007). The 2007 Poverty Guidelines for the 48 Contiguous States and the District of Columbia are those applicable to Texas.

For a family of 1, the guideline is $10,210 annual income. For a family of 2, it is $13,690. For a family of 3, it is $17,170. For a family of four, it is $20,650. The statute directs that one of the two preconditions for entitlement to the waiver is that the debtor's annual income, based on family size, not exceed 150% of the applicable guideline.

In this case, the debtor's application states her family size to be 3, and her monthly income to be $2,673. That yields an annual income of $32, 076. The threshold amount for a family of her size is the poverty guideline amount of $17,170 times 150%, or $25,755. The debtor's income thus exceeds the threshold amount set by the statute, such that the debtor does not qualify for a waiver under section 1930(f)(1).

The court does not reach (and does not need to reach) whether the debtor's *net* income is sufficient to pay the filing fee, in instalments or otherwise, because the statute itself sets a *two*-part test, *both* prongs of which must be satisfied in order to trigger the waiver under section 1930(f)(1). Thus, it does not matter that, according to the debtor's application, she has monthly *expenses* of $3,369, a number which far exceeds her income. The rationale of the statute is clear. The debtor is not, in fact, paying on a cash basis the expenses she states she has every month in any event. She only has so much income, after all. She must, therefore, make decisions about what expenses she will in fact pay and what expenses she will not. That is a difficult choice forced on anyone in financial straits. The statute, for those in excess of 150% of the poverty guidelines, forces the debtor to make a choice regarding whether she will or will not file for bankruptcy relief (and incur the necessary cost of doing so), at the expense of some other expense item on Schedule J. She must make that choice with respect to some one or other of those expenses anyway, regardless whether she files (if her expense itemization is in fact accurate). The statute forces her to decide whether this particular expense – the filing fee – is important enough to warrant not paying for something else.

Congress could have drawn the line for waiver at some different point than the one chosen. That is a policy decision, one entrusted to the legislative branch, not the courts. It is the function of the court to apply that policy decision, to the extent that the statutory language makes that policy clear. Here, the statutory language is plain. It will be applied as written.

The application for waiver of the filing fee in this case is, for the reasons stated, DENIED.

# # #